# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br>   Plaintiff, <br><br>   v. <br><br> KLARKE ANTHONY GARL, <br><br>   Defendant. | Case No.: 1:12-cv-00672- LJO-JLT <br><br> ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

Plaintiff filed a motion for default judgment against defendant Klarke Garl, individually and doing business as Nile Bar and Grill on May 16, 2013. (Doc. 13). In the supporting memorandum, Plaintiff references "Plaintiff's Affidavit in Support of Plaintiff's Application for Default Judgment by the Court," which was to be "concurrently filed" with the motion. (See Doc. 13-1 at 9). However, Plaintiff failed to the affidavit in support of the motion. Without such information, Plaintiff lacks evidence in support of its claims. According, the Court ordered Plaintiff to file a declaration in support of the motion for default judgment within seven days of the date of service of the order, or no later than June 21, 2013. (Doc. 15). Plaintiff has failed to provide the declaration or otherwise respond to the Court's order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have

1

inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within fourteen days of the date of service of this Order why the action should not be dismissed for failure to prosecute and failure comply with the Court's order, or in the alternative, to file a declaration in support of default judgment.

IT IS SO ORDERED.

Dated: **June 25, 2013**            **/s/ Jennifer L. Thurston**
                                           UNITED STATES MAGISTRATE JUDGE

2