UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>KLARKE ANTHONY GARL, et al. <br><br>　　　　Defendants. | Case No.: 1:12-cv-00672 - LJO - JLT <br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS GRANTING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT <br><br>(Docs. 13, 20) |

　　　　Joe Hand Promotions, Inc. ("Plaintiff") seeks the entry of default judgment against Klarke Anthony Garl, individually and doing business as Nile Bar and Grill ("Defendant"). (Doc. 13). On July 8, 2013, the Magistrate Judge recommended Plaintiff's motion for default judgment be granted in part and that Plaintiff be awarded a total of $8,000. (Doc. 20). Plaintiff timely filed Objections to the Findings and Recommendations on July 22, 2013. (Doc. 21).

**I.　　Findings of the Magistrate Judge**

　　　　The Magistrate Judge found the application of the factors set forth by the Ninth Circuit in Eitel v. McCool for the entry of default judgment weighed in favor of entry of default. See Eitel, 782 F.2d 1420, 1472-72 (9th Cir. 1986). First, Plaintiff would not have alternative means by which to recover damages suffered as a result of Defendant's actions. (Doc. 20 at 4) (citing Moroccanoil, Inc. v. Allstate Beauty Prods., 847 F. Supp. 2d 1197, 1200-01 (C.D. Cal. 2012)). Second, assuming the facts of the complaint as true, the Magistrate Judge found Plaintiff stated claims for conversion and a violation of

1

1 the Federal Communications Act of 1934, arising in 47 U.S.C. § 605(a).  (Doc. 20 at 4-5).  Considering
2 the sum of money at stake, the Magistrate Judge observed the sum requested would weigh against entry
3 of default, but because the Court declined to enter the amount requested, the factor did not weigh
4 against Plaintiff.  See, e.g., Joe Hand Promotions v. Streshly, 655 F.Supp.2d 1136, 1136 (S.D. Cal.
5 2009).  Because Defendants did not make an effort to challenge the entry of default, the Magistrate
6 Judge found there is little possibility of dispute of material facts.  (Doc. 20 at 6) (citing Pepsico, Inc. v.
7 Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002)).  Finally, the Magistrate Judge concluded
8 it was unlikely the default entered was the result of excusable neglect.  Id. (citing Shanghai Automation
9 Instrument Co., Ltd. v. Kuei, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001)).

A.    Statutory Damages

Having determined Plaintiff stated claims for a violation of Section 605, the Magistrate Judge turned to the amount of damages to be awarded.  Under the Communications Act, a party may recover actual or statutory damages "not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). The Court may consider several factors to determine of the amount of damages to be awarded, including any promotional advertising, the capacity of the establishment, the number of patrons present during the broadcast, whether a cover charge was imposed, the number and size of the televisions used, and whether a premium was charged on food or drink.  See, e.g., J & J Sports Productions v. Sorondo, 2011 U.S. Dist. LEXIS 99951, at * 10-11 (E.D. Cal. Sept. 6, 2011). Here, the Magistrate Judge observed:

> Adam Kim, Plaintiff's investigator, noted he did not have to pay a cover charge to enter Nile Bar and Grill. (Doc. 13-3 at 2).  Mr. Tate noted the Program was displayed on two televisions and two projectors, with 1 projector by the bar counter, the two televisions by the bar, and the other projector by a stage.  *Id.*  According to Mr. Kim, the establishment had a capacity of "approximately 200 people," and he counted 75-80 people while at the location.  *Id.* at 3.

(Doc. 20 at 8).  Considering these facts, the Magistrate Judge determined "an award of $8,000, which is five times the cost of a proper sublicense, is appropriate."  Id.

B.    Enhanced Damages

The Magistrate Judge noted damages may be enhanced up to $100,000 for each violation under Section 605 when a violation was "committed willfully and for the purposes of direct or indirect

commercial advantage or private financial gain." (Doc. 20 at 7) (quoting 47 U.S.C. § 605(e)(3)(C)(ii)). The Magistrate Judge accepted the allegation that the Defendant's actions were willful because the Program was broadcast on four televisions. Id. at 8, n.2. However, the Magistrate Judge found "there are no factual allegations in the complaint to support the conclusion that Defendant's actions were for the purpose of financial gain." Id. at 8. Accordingly, the Magistrate Judge recommended Plaintiff's request for enhanced damages be denied. Id. at 9.

### C. Conversion

The Magistrate Judge noted Plaintiff elected to receive statutory damages rather than actual damages under the Communications Act. (Doc. 20 at 9). Subsuming the damages for conversion into the statutory damages award, the Magistrate Judge recommended Plaintiff's request for separate damages for conversion be denied. Id. (citing, e.g., J &J Sports Productions v. Mannor, 2011 U.S. Dist. LEXIS 32367, at *7 (E.D. Cal. Mar. 28, 2011); J & J Sports Productions v. Bachman, 2010 U.S. Dist. LEXIS 44884, at *22 (E.D. Cal. May 7, 2010)).

## II. Plaintiff's Objections

Plaintiff argues the Magistrate Judge erred in concluding enhanced damages should not be awarded. (Doc. 21 at 4-8). According to Plaintiff, the complaint "sufficiently establishes its right to enhanced damages." Id. (emphasis omitted). Plaintiff contends the complaint "alleges particular violations of 47 U.S.C. § 605," including "the specific place at which Defendant committed the violation, the specific date on which the violations occurred, the specific Program unlawfully intercepted, that Defendant intercepted the Program with full knowledge that he was unauthorized to do so, and that this was done for commercial advantage or financial gain." Id. at 4-5 (internal citations omitted).

In addition, Plaintiff contends the Magistrate Judge erred in subsuming the damages for conversion into the statutory award. (Doc. 21 at 4-10). Plaintiff notes that "conversion damages are not *per se* subsumed within an award of statutory damages," and renews its request that the Court award damages for the tort of conversion. Id. at 9. According to Plaintiff, the Magistrate Judge erred in declining conversion damages because her finding "conflates the election of damages under section 605 *itself* with the issue of the availability of conversion damages." Id.

### III. Discussion and Analysis

#### A. Enhanced Damages

As observed by the Magistrate Judge, "allegations regarding the amount of damages must be proven." (Doc. 20 at 2) (citing Pope v. United States, 323 U.S. 1, 22 (1944); see also Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977)). Further, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of North Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

Here, although Plaintiff alleged the "unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by the Defendant was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain" (Doc. 1 at 5), this was a legal conclusion. Thus, the statement was not entitled to the same assumption of truth as *facts* alleged in the Complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("the tenant that a court must accept as true all of the allegations contained in a completely is inapplicable to legal conclusions"). As the Supreme Court explained: "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not due" and a complaint does not suffice "if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (citing Bell Atl. Corp v. Twombly, 550 U.S. 554, 557 (2007)). Plaintiff does no more than recite the elements of a claim under Section 605 as the allegations in the complaint. As the Magistrate Judge observed, "there are no factual allegations in the complaint to support the conclusion that Defendant's actions were for the purpose of financial gain." (Doc. 20 at 8).

Moreover, the Magistrate Judge reviewed the evidence presented by Plaintiff in support its motion for default judgment and determined that it also was insufficient to determine Defendant broadcast the program *for the purpose* of commercial or private gain. Doc. 20 at 9). As the Magistrate Judge observed: "the evidence demonstrates that some of the patrons were watching the fight close enough that they cheered at its conclusion" but there is no mention of "just how many people this was," or that "the number of people in the bar was unusual or can be attributed to the display of the fight." Id. Further, there was "no indication that food or drink prices were increased because of the fight" and Plaintiff's investigator admitted "there was no cover charge and fails to indicate that there was any

4

advertising related to the fight." Id. (emphasis added).  Given the lack of factual allegations in the complaint, the recommendation of the Magistrate Judge is adopted and Plaintiff's request for enhanced damages is **DENIED**.[1]

B.  Conversion

Plaintiff appears to argue the Magistrate Judge held conversion damages are necessarily subsumed into statutory damages awarded pursuant to Section 605. (Doc. 21 at 9).  However, from the Court's review of the Findings and Recommendations, it appears the Magistrate Judge determined additional damages for conversion *in this action* were not warranted because the damages for conversion were subsumed into the total award were the damages recommended equaled "is five times the cost of a proper sublicense." (See Doc. 20 at 8-9).

In several actions before the Eastern District, where a plaintiff elected to receive statutory damages and the award under Section 605 was sufficient compensation for the plaintiff, separate conversion damages were not awarded.  See, e.g., J & J Sports Prods. v. Pollard, 2011 U.S. Dist. LEXIS 84749, at *7 (E.D. Cal. Aug. 11, 2011) (recommending the request for conversion damages be denied after "find[ing] that plaintiff has been sufficiently compensated through the federal statutory scheme"); J & J Sports Productions v. Mannor, 2011 U.S. Dist. LEXIS 32367, at *7 (E.D. Cal. Mar. 28, 2011) (declining to award separate damages for conversion because "plaintiff has been sufficiently compensated through the federal statutory scheme" where the award total was $3,200 and the cost of the proper license was $2,200); J & J Sports Productions v. Bachman, 2010 U.S. Dist. LEXIS 44884, at *22 (E.D. Cal. May 7, 2010) (declining an award of conversion damages because the statutory damages "sufficiently compensate[d]" the plaintiff).  Likewise, here, the award recommended by the Magistrate Judge suitably compensates Plaintiff for the Defendant's wrongful act.  Accordingly, the recommendation of the Magistrate Judge is adopted and Plaintiff's request for additional damages for the tort of conversion is **DENIED**.

///

---

[1] Because Plaintiff has failed to demonstrate it is entitled to enhanced damages based upon the allegations in the complaint, the Court declines to address its argument that Plaintiff be awarded enhanced damages for the purpose of deterrence.

## IV.     Conclusion and Order

Pursuant to 28 U.S.C. § 636(b)(1), a district judge may "accept, reject or modify, in whole or in part, the findings and recommendations."  In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and <u>Britt v. Simi Valley United School Dist.</u>, 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a de novo review of the case.  Having carefully reviewed the entire file, the Court finds that the Findings and Recommendations are supported by the record and by proper analysis.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. The Magistrate Judge's Findings and Recommendations are **ADOPTED IN FULL**;
2. Plaintiff's application for default judgment is **GRANTED** in the amount of $8,000.00;
3. The Clerk of Court is DIRECTED to enter judgment in favor of Plaintiff Joe Hand Promotions, Inc. and against Defendant Klarke Anthony Garl; and
4. Plaintiff **SHALL** file any application for attorney's fees pursuant to 47 U.S.C. § 605 no later than fourteen days from the entry of judgment.

IT IS SO ORDERED.

Dated:   **July 24, 2013**                           **/s/ Lawrence J. O'Neill**
                                                                    UNITED STATES DISTRICT JUDGE